# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LYNCH FAMILY COMPANIES, INC.<br>f/k/a Lynch Livestock, Inc.,<br><br>    Defendant. | No. 22-cr-2043-CJW<br><br>**REPORT AND RECOMMENDATION** |

_____

On July 29, 2022, Mr. Gerald Lynch appeared as a representative of Lynch Family Companies, Inc. formerly known as Lynch Livestock, Inc. (hereafter "the Corporate Defendant") before the undersigned United States Magistrate Judge by consent and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty to Count 1 of the Information, Failing to Comply with an Order of the Secretary of Agriculture, in violation of 7 U.S.C. Section 221. After cautioning and examining the Corporate Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the Corporate Defendant's decision to plead guilty was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. I therefore **RECOMMEND that the Court ACCEPT Corporate Defendant's guilty plea and adjudge the Corporate Defendant guilty.**

At the commencement of the Rule 11 proceeding, I placed the Corporate Defendant's representative under oath and explained that if he answered any question falsely, the Government could prosecute him and the Corporate Defendant for perjury or

for making a false statement. I also advised the Corporate Defendant that in any such prosecution, the Government could use against it any statements made under oath.

I then asked Mr. Lynch a number of questions to ensure he had the requisite mental capacity to enter a plea. I elicited Mr. Lynch's full name, age, and extent of education. I also inquired into Mr. Lynch's history of mental illness; use of illegal and/or prescription drugs; and use of alcohol. From this inquiry, I determined Mr. Lynch was not suffering from any mental disability that would impair Mr. Lynch's ability to make a knowing, intelligent, and voluntary guilty plea on behalf of the Corporate Defendant. I also made enquiry of Mr. Lynch's relationship to the Corporate Defendant to ascertain his capacity to enter a plea on its behalf.

The Corporate Defendant acknowledged receipt of a copy of the Information.

I fully advised the Corporate Defendant of all the rights it would be giving up if it decided to plead guilty, including the following:

1. The right to retain counsel at its own expense;;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That the Corporate Defendant would be presumed innocent, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Corporate Defendant would have the right to see and hear all of the Government's witnesses, and the Corporate Defendant would have the right to cross-examine any witnesses called by the Government;

6. That the Corporate Defendant would have the right to subpoena witnesses to testify at the trial;

7. That the Corporate Defendant would have the privilege against self-incrimination: i.e., it could choose to testify at trial, but need not do so; if the Corporate Defendant chose not to testify, then the Court would instruct the jury that it could not draw any adverse inference from its decision not to testify; and

8. That any verdict by the jury would have to be unanimous.

I explained that if the Corporate Defendant pleaded guilty, it would be giving up all of these rights, there would be no trial, and it would be adjudged guilty just as if it had gone to trial and a jury returned a guilty verdict against it.

- **Plea Agreement**

I determined that the Corporate Defendant was pleading guilty pursuant to the First Memorandum of a Proposed Plea Agreement between the United States Attorney's Office and Defendant ("the plea agreement"). After confirming that a copy of the written plea agreement was in front of Mr. Lynch, I determined that the Corporate Defendant understood the terms of the plea agreement. I summarized the plea agreement, and made certain the Corporate Defendant understood its terms.

- **Elements of Crime and Factual Basis**

I summarized the charges against the Corporate Defendant and listed the elements of the crime charged. I determined that the Corporate Defendant understood each and every element of the crime. For the offense to which it was pleading guilty, I elicited a full and complete factual basis for all elements of the crime charged in the Information.

- **Sentencing**

I explained to the Corporate Defendant that the district judge will determine the appropriate sentence at the sentencing hearing. I explained that the Court will use the advisory United States Sentencing Guidelines to calculate the sentence. I explained that the sentence imposed might be different from what the advisory guidelines suggest it should be.

I explained that a probation officer will prepare a written presentence investigation report and that the Corporate Defendant and will have an opportunity to read the presentence report before the sentencing hearing and will have the opportunity to object to the contents of the report.

I further explained that the Corporate Defendant will be afforded the opportunity to present evidence and be heard at the sentencing hearing.

I advised the Corporate Defendant of the consequences of the guilty plea, including the maximum term of imprisonment, the maximum term of supervised release, and the maximum fine. Specifically, I advised the Corporate Defendant that **Count 1** of the Information is punishable by the following maximum/minimum penalties: (1) a term of probation of at least one year but not more than five years, pursuant to 18 U.S.C. Section 3561; (2) a fine of not more than $500,000, or twice the gross gain or loss resulting from the offense, whichever is greater, pursuant to 18 U.S.C. Section 3571; and (3) a mandatory special assessment of $400, pursuant to 18 U.S.C. Section 3013.

I explained that the Corporate Defendant will be required to pay restitution, as a result of the Corporate Defendant's guilty plea as set forth in paragraph 14 of the Plea Agreement. Further, I advised the Corporate Defendant that its guilty plea may have adverse consequences in administrate proceedings, such as license suspension or debarment. I advised the Corporate Defendant of the collateral consequences of pleading guilty. The Corporate Defendant acknowledged understanding all of the above consequences.

- **Waiver of Appeal**

I explained that the Corporate Defendant has waived its right to appeal, except under the limited circumstances set forth in paragraph 22 of the plea agreement. The Government retains its right to appeal the sentence in this case

The Corporate Defendant confirmed that the decision to plead guilty was voluntary; was not the result of any promises; and was not the result of anyone threatening, forcing, or pressuring it to plead guilty. I explained that after the district judge accepts the Corporate Defendant's guilty plea, it will have no right to withdraw the plea at a later date, even if the sentence imposed is different from what it anticipated.

The Corporate Defendant confirmed that it still wished to plead guilty, and did plead guilty to Count 1 of the Information.

I find the following with respect to the guilty plea:

1. The Corporate Defendant's plea is voluntary; knowing; not the result of force, threats or promise; and Mr. Lynch is fully competent to enter plea on its behalf.

2. The Corporate Defendant is aware of the minimum and maximum punishment for the count to which the Corporate Defendant pleaded guilty.

3. Corporate Defendant knows of and voluntarily waived Corporate Defendant's jury trial rights.

4. There is a factual basis for the plea.

5. The Corporate Defendant is guilty of the crime to which Corporate Defendant pleaded guilty.

I explained that the Parties have fourteen (14) days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are made, then the district judge may accept Defendant's guilty plea by simply entering a written order doing so. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). *But see, United States v. Cortez-Hernandez*, 673 Fed. App'x 587, 590-91 (8th Cir. 2016) (per curiam) (suggesting that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written

5

request for such review is filed within fourteen (14) days after this Report and Recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 29th day of July, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa