IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    vs.                    No. CR22-2043-CJW

LYNCH FAMILY COMPANIES, INC.,     TRANSCRIPT OF
                                     PLEA TAKING

       Defendant.
_____/


       The Plea Taking held before the Honorable
Mark A. Roberts, Magistrate Judge of the United States
District Court for the Northern District of Iowa, at the
Federal Courthouse, 111 Seventh Avenue Southeast, Cedar
Rapids, Iowa, July 29, 2022, commencing at 10:56 a.m.


APPEARANCES

For the Plaintiff:    TIMOTHY LAWRENCE VAVRICEK, ESQ.
                      Assistant United States Attorney
                      111 Seventh Avenue Southeast
                      Cedar Rapids, IA 52401

For the Defendant:    MARC KRICKBAUM, ESQ.
                      Winston & Strawn
                      35 West Wacker Drive
                      Chicago, IL  60601

                      PETER EUGENE DEEGAN, JR., ESQ.
                      Taft, Stettinius & Hollister
                      Suite 2800
                      111 East Wacker Drive
                      Chicago, IL  60601-3713

Transcribed from     Shelly Semmler, RDR, CRR
digital recording by: 320 Sixth Street
                      Sioux City, IA 51101
                      (712) 233-3846

Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 1 of 32

1    (The following transcript was prepared from an audio

2    recording.)

3                        * * * *

4         THE COURT:  Please be seated.  The matter now

5    before the Court is the United States versus Lynch Family

6    Companies, Inc., Number 22-CR-2043.  The United States is

7    represented by Assistant United States Attorney Tim

8    Vavricek.  I recognize Mr. Deegan on behalf of the

9    defendant, and you must be Mr. Krickbaum on behalf of the

10   defendant also?

11        MR. KRICKBAUM:  Yes.  Good morning, Your Honor.

12        THE COURT:  Good morning.

13     Looks like you might be in the speaker's seat today,

14   Mr. Deegan.  Is that correct?

15        MR. DEEGAN:  Yes, Your Honor.

16        THE COURT:  Seems like you might have a

17   representative of Lynch Family Companies, Inc., with you

18   here today.  Could you tell me who that is?

19        MR. DEEGAN:  Yes, Your Honor.  This is Mr. Gary

20   Lynch.  Pursuant to an appropriate board action from

21   Lynch Family Companies, he is an authorized

22   representative of the business.  He has been specifically

23   authorized to enter a plea of guilty on behalf of the

24   corporation and also to agree to facts on behalf of the

25   corporation.  These are facts that are known to the

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 2 of 32

1  business, not necessarily to Mr. Lynch personally, but

2  that he can agree on behalf of the corporation that they

3  are true.

4         THE COURT:  All right.  Very well.  Mr. Lynch,

5  I understand you're here on behalf of Lynch Family

6  Companies, Inc.  We do corporate guilty pleas somewhat

7  less frequently than we do crimes that involve

8  individuals.  When I refer to you today, unless I'm

9  talking about you personally for some reason when I'm

10  speaking of you, I may do that out of habit, but I'm

11  referring to Lynch Family Companies, the company that you

12  represent.  But if there's something that's unclear about

13  my questions when I refer to you that way or some other

14  way, please let me know.

15     It is important that you understand everything that

16  happens here today.  So if there is something that you

17  don't understand, could you please stop me and let me

18  know?

19         MR. LYNCH:  Yes, I will.

20         THE COURT:  And that microphone is movable, and

21  you're welcome to pull that close so that we can hear

22  you.

23     Could you please state your full name.

24         MR. LYNCH:  Gerald J. Lynch.

25         THE COURT:  And how old are you?

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 3 of 32

1              MR. LYNCH:  75.

2              THE COURT:  How far have you gone through

3    school?

4              MR. LYNCH:  12th grade.

5              THE COURT:  Can you think of any reason that

6    you might have difficulty understanding these

7    proceedings?

8              MR. LYNCH:  No.

9              THE COURT:  And I believe Mr. Deegan spoke to

10   the fact that you've been authorized by the board of

11   Lynch Family Companies, Inc., to speak on its behalf

12   today.  Is that correct?

13             MR. LYNCH:  Yes.

14             THE COURT:  I need to advise you of certain

15   constitutional rights.  The corporation has the right to

16   remain silent.  That's also a right that you have

17   personally.  That means neither you nor the corporation

18   has to say anything, and if you as a representative of

19   the corporation or personally give up that right and make

20   a statement, the government can use that statement

21   against you or the corporation.  Do you understand your

22   right to remain silent?

23             MR. LYNCH:  Yes.

24             THE COURT:  You have the right to hire and be

25   represented by a lawyer, but you're not entitled to

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com

Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 4 of 32
To purchase a complete copy of the transcript.

    1   rep -- representation at public expense.  But that
    2   doesn't appear to be an issue here today.  I understand
    3   you've retained -- you and your company have retained
    4   Mr. Deegan and Mr. Krickbaum to represent you.  Is that
    5   correct?
    6           MR. LYNCH:  Yes.
    7           THE COURT:  Do you understand your rights with
    8   respect to having an attorney represent you?
    9           MR. LYNCH:  Yes.
   10           THE COURT:  The corporation has been charged in
   11   what's called an information with the crime of failing to
   12   comply with an order of the Secretary of Agriculture.  Do
   13   you have a copy of that information?
   14           MR. LYNCH:  Yes.
   15           THE COURT:  Could you take a look at the
   16   caption with me, please, where the company is charged in
   17   the name Lynch Family Companies, Inc.  Is that the
   18   corporation's true name?
   19           MR. LYNCH:  Yes.
   20           THE COURT:  Is it spelled correctly?
   21           MR. LYNCH:  Yes.
   22           THE COURT:  The corporation is entitled to have
   23   this information read here in open court just to make
   24   sure that everyone understands the charges against it.
   25   Would you like to have Mr. Vavricek read that information

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 6:22-cr-02043-CJW-MAR   Document 17   Filed 09/23/22   Page 5 of 32

1    to you at this time, or do you waive that formal

2    requirement?

3              MR. LYNCH:  No.  We waive -- I waive that.

4              THE COURT:  Very good.  As I said, the

5    corporation has been charged in the information with a

6    felony offense, and it can be convicted of that offense

7    only if an indictment has been returned by a grand jury.

8    The corporation has the right to require the government

9    to present the case to a grand jury, or it can waive that

10   right.  Does the corporation waive its right to have this

11   case presented to a grand jury?

12             MR. LYNCH:  Yes.

13             THE COURT:  You understand that by waiving an

14   indictment the corporation may be convicted of the charge

15   just as if a grand jury had returned an indictment

16   against it?

17             MR. LYNCH:  Yes.

18             THE COURT:  I have in front of me a written

19   waiver of indictment.  It appears to be signed by

20   Mr. Deegan, Mr. Krickbaum, and Mr. Lynch on behalf of

21   Lynch Families, Inc.

22             MR. LYNCH:  Yes.

23             THE COURT:  So I find that the defendant has

24   knowingly and voluntarily waived its right to an

25   indictment.  And I understand, Mr. Lynch, that you on

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 6 of 32

```
 1   behalf of the corporation intends to enter a plea of
 2   guilty this morning to the information.  Is that correct?
 3            MR. LYNCH:  Yes.
 4            THE COURT:  I don't believe we've entered a
 5   standard stipulated discovery order.  Mr. Vavricek, is
 6   the government agreeable to the standard stipulated
 7   discovery order?
 8            MR. VAVRICEK:  Yes, Your Honor.
 9            THE COURT:  Mr. Deegan?
10            MR. DEEGAN:  Yes, Your Honor.
11            THE COURT:  Very good.  Then pursuant to Rule
12   5(f), the United States is ordered to produce all
13   exculpatory evidence to the defendant pursuant to Brady
14   versus Maryland and its progeny.  Not doing so in a
15   timely manner may result in sanctions including exclusion
16   of evidence, adverse jury instructions, dismissal of
17   charges, and contempt proceedings.
18       Let's proceed then with our discussion of the guilty
19   plea.  As I mentioned, Mr. Lynch, it's much more usual I
20   do this with individuals, so I'm trying to modify this so
21   it's appropriate for your corporation.  But I understand
22   that the corporation intends to plead guilty to Count 1
23   of the information today.  Is that correct?
24            MR. LYNCH:  Yes, yes.
25            THE COURT:  You need to understand that I'm a
```

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 7 of 32

1   United States magistrate judge, and the case has also

2   been assigned to a United States District Court judge.

3   You have the right to have a district court judge preside

4   over a guilty plea proceeding.  I can preside over the

5   hearing but only with your voluntary consent.  Is it

6   agreeable with you that I preside over the hearing today?

7          MR. LYNCH:  Yes, yes.

8          THE COURT:  Let the record also reflect that at

9   document number 7 of the Court's file is a written

10   consent to proceed before a magistrate judge.  It appears

11   to be signed by Mr. Lynch, Mr. Deegan, and Mr. Krickbaum.

12   So, Mr. Lynch, with your consent, I will preside over the

13   hearing today.  As I'm sure your lawyers have told you, I

14   need to ask you some questions, and your answers need to

15   be under oath.  So at this point I'm going to ask you to

16   please stand and raise your right hand so I can

17   administer the oath.

18       GERALD LYNCH, CORPORATE REPRESENTATIVE, SWORN

19         THE COURT:  You can be seated.  You're now

20   under oath.  If you knowingly lie or make a false

21   statement, the government could charge you personally

22   with the crimes of perjury or making a false statement,

23   also could charge the corporation with those crimes.  And

24   if convicted of those offenses, you could be sentenced to

25   a period of imprisonment and fined.  Do you understand

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*

Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 8 of 32

1    that?

2            MR. LYNCH:  Yes.

3            THE COURT:  It's important then that you answer

4    my questions truthfully because if you were to lie or

5    make a false statement today, the government could use

6    that very statement against you and the corporation to

7    charge you with those offenses.  Do you understand that?

8            MR. LYNCH:  Yes.

9            THE COURT:  Now, the first few questions I have

10   for you, I really don't mean to pry, but I do need to be

11   sure that you're in a mental state today where you can

12   voluntarily and knowingly enter a guilty plea on behalf

13   of your corporation.

14      Would you please state your full name.

15           MR. LYNCH:  Gerald Joseph Lynch.

16           THE COURT:  Do you have any difficulty reading

17   or understanding the English language?

18           MR. LYNCH:  No.

19           THE COURT:  Have you ever suffered from

20   depression, anxiety, or any other mental illness?

21           MR. LYNCH:  No.

22           THE COURT:  Have you ever used illegal drugs or

23   abused alcohol?

24           MR. LYNCH:  I quit drinking 20 years ago, and I

25   have a medical marijuana card.

Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 9 of 32

1          THE COURT:  Do you think your prior drug,

2     current drug, or alcohol use might affect your ability to

3     understand the proceedings here today?

4          MR. LYNCH:  No.

5          THE COURT:  Are you taking any medications or

6     prescription drugs for any mental or physical condition?

7     And I don't need you to list them.  I just want to make

8     sure that they don't interfere with any ability to

9     understand the proceedings here today.  So are you taking

10    any medications or prescription drugs?

11         MR. LYNCH:  I take some pain pills and stuff

12    like that.

13         THE COURT:  Do you think that would interfere

14    with your ability to understand the proceedings here

15    today?

16         MR. LYNCH:  No.

17         THE COURT:  Can you think of any reason that

18    you might have difficulty understanding these

19    proceedings?

20         MR. LYNCH:  No.

21         THE COURT:  As I mentioned before, it's

22    important that you do understand everything that happens

23    here today.  So if there's something that you don't

24    understand, would you please stop me and let me know?

25         MR. LYNCH:  I will.

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 10 of 32

1          THE COURT:  Also we're not in any hurry, so if

2    you do want to stop and visit with Mr. Krickbaum and

3    Mr. Deegan about anything that comes up, we'll certainly

4    make time for you to visit privately.

5        Mr. Deegan, do you have any reason to believe the

6    defendant is not competent to enter a guilty plea?

7          MR. DEEGAN:  No, Your Honor.

8          THE COURT:  At this point, Mr. Lynch, I'm going

9    to try to talk to you about all the rights you'll be

10   giving up if you plead guilty today.  It's somewhat

11   different perhaps for a corporation than an individual,

12   but most of it's the same.

13       First, of course, you don't have to plead guilty

14   today.  You could go forward and have a jury trial if you

15   prefer.  Do you understand that?

16         MR. LYNCH:  Yes, I do.

17         THE COURT:  Also as I mentioned, you have the

18   right to retain corporation -- the corporation's counsel,

19   but you don't have a right to have a lawyer appointed in

20   this case.  Do you understand your right to an attorney?

21         MR. LYNCH:  Yes.

22         THE COURT:  Have you been generally satisfied

23   with the services provided by your attorneys?

24         MR. LYNCH:  Yes.

25         THE COURT:  You also have the right to have a

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*to purchase a complete copy of the transcript.*
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 11 of 32

speedy and public trial before a jury of 12 people

selected from a cross-section of the community.  Both you

and your corporation's lawyers would have a role in

selecting the people who would serve on that jury.  Those

jurors would swear under oath to try your case fairly

based only on the evidence admitted at trial and based on

the law as given to them by the judge.

Any verdict by the jury would have to be unanimous.

That just means that all 12 people on your jury would

have to agree on the verdict.  Do you understand your

right to a jury trial?

MR. LYNCH:  Yes, I do.

THE COURT:  There's also a presumption of

innocence.  That means if the case went to trial the

judge would tell the jury that the corporation is

presumed innocent of these charges, and that presumption

of innocence could only be overcome if the government

produced evidence that proved the corporation's guilt

beyond a reasonable doubt.  In fact, the trial judge

would tell the jury that that presumption of innocence

alone could be enough for Lynch Family Companies, Inc.,

to be found not guilty.  Do you understand that?

MR. LYNCH:  Yes.

THE COURT:  Corporation also has the right to

confrontation.  That means if the case went to trial, the

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*for a complete copy of this transcript.*
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 12 of 32

 1   government would have to call its witnesses here in open

 2   court.  You'd have a right to see those witnesses, and

 3   they could see you.  You wouldn't have to confront the

 4   government's witnesses if you didn't want to, but if you

 5   wanted to challenge their testimony, you could do so by

 6   having your lawyers cross-examine them.  But if the

 7   corporation pleads guilty here today, it will be giving

 8   up any right to confront witnesses on these charges.  Do

 9   you understand that?

10              MR. LYNCH:  Yes.

11              THE COURT:  Corporation also has the right to

12   present a defense.  In a criminal case like this, the

13   burden of proof is always on the government, and it would

14   never shift to you.  So if your case went to trial, you

15   wouldn't have to produce any evidence if you didn't want

16   to.  But if you wanted to present a defense, you could.

17   For example, you could call witnesses or offer exhibits

18   into evidence.  But if you plead guilty here today, the

19   corporation will be giving up its right to present a

20   defense to these charges.  Do you understand that?

21              MR. LYNCH:  Yes.

22              THE COURT:  Finally, you and the corporation

23   each has the right to remain silent.  You could testify

24   at the trial if you wanted to, of course, but the

25   corporation and you would not have to testify, and no one

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Purchase a complete copy of the transcript.

Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 13 of 32

1    could make you testify.  If you chose not to testify, the

2    prosecutor would not say anything about it to the jury,

3    and the judge would instruct the jurors that they could

4    not take into account in any way or, frankly, even

5    discuss among themselves the fact that you did not

6    testify in arriving at that verdict.  Do you understand

7    that?

8            MR. LYNCH:  Yes, I do.

9            THE COURT:  In summary, if the corporation

10   pleads guilty here today, there will be no trial.  The

11   corporation will be found guilty based on the

12   corporation's plea of guilty just as if a jury had

13   deliberated and returned a guilty verdict against that.

14   Do you understand that?

15           MR. LYNCH:  Yes, I do.

16           THE COURT:  Before I proceed to talk about the

17   elements of the offense, Mr. Vavricek, any thoughts about

18   what rights might be different in respect to this matter

19   because it involves a corporation you'd like me to

20   discuss with Mr. Lynch?

21           MR. VAVRICEK:  Nothing additional, Your Honor.

22   Thank you.

23           THE COURT:  Mr. Deegan, any thoughts on

24   additional rights I might discuss with Mr. Lynch or

25   anything you might change about what I've already

1  discussed with him?

2          MR. DEEGAN:  No, Your Honor.

3          THE COURT:  Very good.  Before I can recommend

4  that the district court judge accept the corporation's

5  guilty plea, Mr. Lynch, I need to be satisfied that it

6  is, in fact, guilty as charged in the information.  And

7  for Lynch Livestock, Inc., to be convicted of the crime

8  of failing to comply with an order of the Secretary of

9  Agriculture as charged in Count 1 of the information, the

10  government would have to prove three things beyond a

11  reasonable doubt.  It's possible Mr. Deegan or

12  Mr. Krickbaum has those in front of you so you can read

13  along if you like.  They're fairly lengthy.  But what I

14  do is I read them twice.  The first time I read one of

15  these, I just make sure that you understand it.  Then

16  I'll go back and read it again and find out if you

17  believe it's true.

18      So the first thing the government would have to

19  prove is that all -- at all relevant times, defendant,

20  Lynch Livestock, Inc., was engaged in the business of

21  buying and selling livestock including swine and was

22  registered with the secretary of the United States

23  Department of Agriculture, the U.S.D.A., as a dealer as

24  that term is defined and used in the Packers and

25  Stockyards Act of 1921 and the regulations promulgated

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Please destroy/delete if not part of the official transcript
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 15 of 32

 1   thereunder.  Do you understand the first thing the

 2   government would have to prove?

 3            MR. LYNCH:  Yes, I do.

 4            THE COURT:  Is it true that at all relevant

 5   times Lynch Livestock, Inc., was engaged in the business

 6   of buying and selling livestock including swine and was

 7   registered with the secretary of the United States

 8   Department of Agriculture as a dealer as that term is

 9   defined in the united -- and used in the Packers and

10   Stockyards Act of 1921 and the regulations promulgated

11   thereunder?  Is all of that true?

12            MR. LYNCH:  Yes, it's true.

13            THE COURT:  Second, the government would have

14   to prove that in 2017 as part of a consent decision into

15   which Lynch Livestock, Inc., entered with the U.S.D.A.,

16   the secretary of the U.S.D.A. ordered Lynch Livestock,

17   Inc., to cease and desist from, among other things,

18   falsifying the accounts of purchase provided to livestock

19   producers by recording a false weight for swine and

20   creating false scale tickets.  The consent decision also

21   required Lynch Livestock, Inc., to transmit true weights

22   to producers' statements of account and assure producers

23   were paid in accordance with the correct weights of the

24   livestock delivered.  Do you understand the second thing

25   the government would have to prove?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
produced on complete copy of the transcript
Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 16 of 32

```
1           MR. LYNCH:  Yes.

2           THE COURT:  Is it true that in 2017 as part of

3   a consent decision into which Lynch Li -- well, Lynch

4   Livestock, Inc., entered with the U.S.D.A., the secretary

5   of the U.S.D.A. ordered defendant to cease and desist

6   from, among other things, falsifying the accounts of

7   purchase provided to livestock producers by recording a

8   false weight for swine and creating false scale tickets;

9   the consent decision also required Lynch Livestock, Inc.,

10  to transmit true weights to producers' statements of

11  account and assure producers were paid in accordance with

12  the correct weights of the livestock delivered?  Is all

13  of that true?

14          MR. LYNCH:  Yes.

15          THE COURT:  Then third, the government would

16  have to prove that beginning no later than 2018 and

17  continuing through at least early 2021 in the Northern

18  District of Iowa and elsewhere Lynch Livestock, Inc.,

19  knowingly failed to keep records that fully and correctly

20  disclosed all transaction in Lynch Livestock, Inc.'s,

21  business in the manner and form prescribed by the

22  secretary of the U.S.D.A. in the 2017 consent decision.

23  Specifically, at least one of Lynch Livestock, Inc.'s,

24  managers and employees used a crowbar or similar object

25  to manipulate the scales on which livestock producers'
```

```
 1   swine was weighed at one of Lynch Livestock, Inc.'s,
 2   buying stations at Waucoma, Fayette County, Iowa, within
 3   the Northern District of Iowa, and as a result, Lynch
 4   Livestock, Inc., created, kept, and provided to the
 5   livestock producers' accounts records and scale tickets
 6   that contained false information because they understated
 7   the actual weight of swine and caused Lynch Livestock,
 8   Inc., to pay the livestock producers less than what Lynch
 9   Livestock, Inc., owed to the producers on their accounts.
10   Do you understand the third thing the government would
11   have to prove?
12             MR. LYNCH:  Yes, I -- yes, I do.
13             THE COURT:  And is it true that beginning no
14   later than 2018 and continuing through at least early
15   2021 in the Northern District of Iowa and elsewhere
16   Defendant Lynch Livestock, Inc., knowingly failed to keep
17   records that fully and correctly disclosed all
18   transactions in Lynch Livestock, Inc.'s, business in the
19   manner and form prescribed by the secretary of the
20   U.S.D.A. in the 2017 consent decision?  Specifically at
21   least one of Lynch Livestock, Inc.'s, managers and
22   employees used a crowbar or similar object to manipulate
23   the scales on which livestock producers' swine was
24   weighed at one of Lynch Livestock, Inc.'s, buying
25   stations at Waucoma, Fayette County, Iowa, within the
```

*Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com*
*Rough draft — not a complete copy of the transcript*

Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 18 of 32

 1   Northern District of Iowa, and as a result, Lynch

 2   Livestock, Inc., created, kept, and provided to the

 3   livestock producers' accounts records and scale tickets

 4   that contained false information because they understated

 5   the actual weight of swine and caused defendant to pay

 6   the livestock producers less than what Lynch Livestock,

 7   Inc., owed to the producers on their accounts.  Is all of

 8   that true?

 9              MR. LYNCH:  Yes.

10              THE COURT:  Throughout going through those, I

11   kept referring to the defendant as Lynch Livestock, Inc.

12   That's the former name of the current name of the

13   defendant, Lynch Families Companies, Inc.  I didn't mean

14   to introduce any confusion.  I take it you understood,

15   Mr. Lynch, that I was referring to what's now known as

16   the Lynch Family Companies, Inc.  Is there any confusion

17   we need to clear up with respect to that issue?

18              MR. LYNCH:  No, no, I understand it.

19              THE COURT:  Very good.  Now, I understand the

20   parties have entered into a plea agreement in this case.

21   It's in the form of a July 7, 2022, letter to Mr. Deegan

22   and Mr. Krickbaum from Mr. Vavricek, and it's been marked

23   as Government's Exhibit 1.  Is that being offered into

24   evidence at this time?

25              MR. VAVRICEK:  Yes, Your Honor.

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
for purchase a complete copy of the transcript
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 19 of 32

```
1                          *   *   *   *

2              (Government Exhibit 1 was offered.)

3                          *   *   *   *

4              THE COURT:  Any objection?

5              MR. DEEGAN:  No, Your Honor.

6              THE COURT:  Government's Exhibit 1 is admitted.

7                          *   *   *   *

8              (Government Exhibit 1 was admitted.)

9                          *   *   *   *

10             THE COURT:  Do you have a copy of that in front

11   of you, Mr. Lynch?

12             MR. LYNCH:  Yes, I do.

13             THE COURT:  If you could -- I know there's a

14   lengthy stipulation of facts on the back of it.  But on

15   page 13 of the letter itself, if you'll turn with me,

16   please, you'll see that someone has typed the name of the

17   defendant, Lynch Family Companies, Inc., with a signature

18   line.  And on that signature line, I see a signature

19   dated July 8 of this year.  Is that your signature?

20             MR. LYNCH:  Yes, it is.

21             THE COURT:  And are you authorized to sign this

22   on behalf of the defendant?

23             MR. LYNCH:  Yes.

24             THE COURT:  Did you review this plea agreement

25   in its entirety and in detail with Mr. Deegan and
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 20 of 32
to purchase a complete copy of the transcript

```
 1   Mr. Krickbaum before you signed it?

 2            MR. LYNCH:  Yes, I did.

 3            THE COURT:  And by signing it, did you intend

 4   to indicate that Lynch Family Companies, Inc., formerly

 5   known as Lynch Livestock, Inc., read, understood, and

 6   agreed to the terms of the plea agreement?

 7            MR. LYNCH:  Yes, I did.

 8            THE COURT:  Now, I don't want you to tell me

 9   what you or other representatives of your corporation may

10   have discussed with Mr. Krickbaum, Mr. Deegan, or any of

11   your attorneys.  But do you feel that you had plenty of

12   time to ask or discuss, I should say first, with your

13   attorneys this plea agreement before you signed it?

14            MR. LYNCH:  Yes, I did.

15            THE COURT:  And you also feel that you had

16   plenty of time to ask them questions about it.

17            MR. LYNCH:  Yes, I did.

18            THE COURT:  Were your attorneys able to answer

19   any questions that you might have had to your

20   satisfaction?

21            MR. LYNCH:  Yes, I was satisfied.

22            THE COURT:  Do you or any other representatives

23   of the corporation that you're aware of have any

24   questions whatsoever about the agreement that you reached

25   with the government?
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*for a purchased complete copy of the transcript.*

Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 21 of 32

```
 1              MR. LYNCH:  No.

 2              THE COURT:  I would like you to turn with me

 3    then to the attachment to the plea agreement.  It's a

 4    seven-page document called a Stipulation of Facts.  And

 5    at the very end of it, there's another signature line for

 6    Lynch Family Companies, Inc., and on that signature line

 7    I see a signature.  Is that your signature?

 8              MR. LYNCH:  Yes, it is.

 9              THE COURT:  And next to each of the numbered

10    paragraphs of that stipulation of facts, I see some

11    blanks with some initials.  Are those your initials in

12    those places?

13              MR. LYNCH:  Yes, it -- yes, they are my

14    initials.

15              THE COURT:  By signing the stipulation of facts

16    and placing your initials there, did you intend to

17    indicate that the information contained in these

18    paragraphs is true and correct?

19              MR. LYNCH:  Yes.

20              THE COURT:  In fact, throughout the plea

21    agreement and the stipulation of facts, wherever I see

22    blanks, I see those same initials.  Are those your

23    initials in each of those places?

24              MR. LYNCH:  Yes, they are.

25              THE COURT:  And in the plea agreement itself,
```

did you place your initials there to indicate that you

read, understood, and agreed to the terms of each of

those paragraphs?

        MR. LYNCH:  Yes, I did.

        THE COURT:  Mr. Vavricek, did I accurately

describe the elements of the charge?

        MR. VAVRICEK:  Yes, Your Honor.

        THE COURT:  Have I established an adequate

factual basis for the guilty plea?

        MR. VAVRICEK:  Yes, Your Honor.

        THE COURT:  Mr. Deegan, do you think that

Mr. Lynch on behalf of Lynch Family Companies, Inc.,

understands the elements of the charges against it?

        MR. DEEGAN:  Yes, Your Honor.

        THE COURT:  Have I established an adequate

factual basis for the plea?

        MR. DEEGAN:  Yes, Your Honor.

        THE COURT:  Have you had full access to the

government's discovery materials?

        MR. DEEGAN:  We've not reviewed all the

discovery materials.  We have exchanged some information

with the government, and the company has conducted its

own inquiry into these matters.  We are satisfied with

our access to the evidence in this case.

        THE COURT:  Do you believe what you have seen

Contact Shelly Semmler at 712-233-3840 or ssemmlerreporting@gmail.com
for purchase of a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 23 of 32

```
 1    supports a factual basis for the defendant's guilty plea?
 2              MR. DEEGAN:  Yes, Your Honor.
 3              THE COURT:  Do you know of any possible defense
 4    to the charge which you have not considered and discussed
 5    with your client?
 6              MR. DEEGAN:  No.
 7              THE COURT:  At this point, Mr. Lynch, I need to
 8    talk to you about the penalties that apply in this case.
 9    Count 1 of the information is punishable by the following
10    penalties:  First, a term of probation of at least one
11    year but not more than five years; second, a fine of not
12    more than $500,000 or twice the gross gain or loss
13    resulting from the offense, whichever is greater; and,
14    third, a mandatory special assessment of $400.  Do you
15    understand the maximum penalties which may be imposed in
16    this case?
17              MR. LYNCH:  Yes, I do.
18              THE COURT:  Mr. Vavricek, what's the
19    government's position on whether I should visit with the
20    defendant about how the guidelines work in sentencing?
21              MR. VAVRICEK:  Your Honor, I believe it would
22    be appropriate to discuss the guidelines.
23              THE COURT:  Any objection to that, Mr. Deegan?
24              MR. DEEGAN:  No, Your Honor.
25              THE COURT:  At the time of your sentencing,
```

Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 24 of 32

Mr. Lynch, the judge will perform a calculation under the federal sentencing guidelines that are issued by the United States Sentencing Commission.  No doubt that will provide some information about what the expected fine should be.

It's important that you understand that the sentence ultimately imposed by the judge in this case could be different from what those guidelines suggest it should be.  Could be different from what your lawyers may have predicted or estimated that you would receive.  And it could be all the way up to the statutory maximum fine which in this case is $500,000 or twice the gross gain or loss resulting from the offense, whichever is greater.  Do you understand all of that?

MR. LYNCH:  Yes, I do.

THE COURT:  I can't think of a case, Mr. Vavricek, where I've discussed probation for a corporation.  What's the government's position with respect to what sort of supervision might be possible that the defendant faces?

MR. VAVRICEK:  Thank you, Your Honor.  I think it would be appropriate to, you know, advise the defendant that the district court will have discretion at the time of sentencing with respect to the length of the term of probation and what conditions would be

1  appropriate. I would note that in our plea agreement we
2  did discuss this and came to some joint recommendation
3  with respect to those issues. But it would be
4  appropriate in the government's view to just advise the
5  corporation of the possibility.
6          THE COURT: Mr. Deegan, do you agree with that?
7          MR. DEEGAN: I do, Your Honor.
8          THE COURT: So during the term that the
9  corporation could be on probation, the sentencing judge
10 will have some discretion in imposing conditions. I
11 understand those conditions have been addressed somewhat
12 in your plea agreement, and they involve some financial
13 things I imagine. It may involve some reporting and
14 disclosure requirements.
15     I don't know exactly what the district judge will
16 ultimately require of your corporation, Mr. Lynch, but at
17 the time of your sentencing, the judge may impose certain
18 conditions on that probation. And it's important that
19 you understand that the corporation has to comply with
20 those conditions. If the corporation fails to comply
21 with those, the judge could impose some additional fines
22 or could impose some additional penalties on the
23 corporation. Do you understand all that?
24         MR. LYNCH: Yes, I do.
25         THE COURT: As a result of this conviction and

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR    Document 45    Filed 09/23/22    Page 26 of 32

```
 1    your plea agreement, the corporation will be required to

 2    pay restitution to any victim in -- victims in this case.

 3    Do you understand that?

 4              MR. LYNCH:  Yes, I do.

 5              THE COURT:  In addition, as a result of the

 6    corporation's guilty plea, it may have adverse

 7    consequences in administrative proceedings such as

 8    license suspension or debarment.  Do you understand all

 9    that?

10              MR. LYNCH:  Yes, I do.

11              THE COURT:  Mr. Vavricek, are you aware of

12    other collateral consequences that could arise as a

13    result of Lynch Family Companies, Inc.'s, guilty plea

14    today you'd like me to discuss with it?

15              MR. VAVRICEK:  No thank you, Your Honor.

16              THE COURT:  Mr. Lynch, if Lynch Family

17    Companies, Inc., pleads guilty today, I'll order a

18    presentence investigation.  Probation officer will

19    conduct a thorough investigation of the case and the

20    corporation's background to draft a presentence

21    investigation report.  It's important that you go over

22    that report carefully with your attorneys and point out

23    any errors or omissions that you might notice so that you

24    can bring those to the attention of the probation office

25    and get them corrected because when it comes time for
```

Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 27 of 32

```
1    your sentencing, the judge will rely heavily on that
2    report in trying to determine the most appropriate
3    sentence in this case.  So it's really in the
4    corporation's interest to make sure it's accurate.
5         When that report is final, the court will schedule
6    your sentencing hearing, and at that sentencing hearing
7    both the corporation and the government can present
8    evidence, and the corporation can make a statement to the
9    judge to tell the judge anything the corporation thinks
10   is important to consider in determining the sentence.  Do
11   you have any questions about the sentencing procedures
12   that would follow a guilty plea in this case?
13             MR. LYNCH:  No, I don't.
14             THE COURT:  Generally both the government and
15   you would have the right to appeal the sentence to the
16   Eighth Circuit Court of Appeals.  In this case, however,
17   as part of your plea agreement, specifically paragraph
18   22, the corporation has waived certain rights to appeal
19   except under some limited circumstances.  Do you
20   understand that as part of this agreement the corporation
21   is waiving certain rights to appeal?
22             MR. LYNCH:  Yes.
23             THE COURT:  Mr. Lynch, if the corporation
24   pleads guilty and the district court judge then accepts
25   that guilty plea, it will have no right to withdraw that
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*for purchase of a complete copy of the transcript.*

Case 6:22-cr-02043-CJW-MAR   Document 15   Filed 09/23/22   Page 28 of 32

1    guilty plea later even if the corporation changes its

2    corporate mind or even if it is corporately unhappy with

3    the sentence ultimately imposed by the judge.  Do you

4    understand that?

5            MR. LYNCH:  Yes, I do.

6            THE COURT:  Has anyone forced, pressured, or

7    threatened you or the corporation in any way to get it to

8    plead guilty or made any promises to you or the

9    corporation to get it to plead guilty other than what's

10   in the plea agreement?

11           MR. LYNCH:  No.

12           THE COURT:  Mr. Deegan, do you believe a guilty

13   plea in this case would be voluntary?

14           MR. DEEGAN:  Yes, Your Honor.

15           THE COURT:  Do you know of any legal reason why

16   the plea should not be accepted?

17           MR. DEEGAN:  No, Your Honor.

18           THE COURT:  Do you know of anything the Court

19   has omitted which could affect the validity of the plea?

20           MR. DEEGAN:  No, Your Honor.

21           THE COURT:  Mr. Vavricek, do you know of

22   anything the Court has omitted which could affect the

23   validity of the plea?

24           MR. VAVRICEK:  No, Your Honor.

25           THE COURT:  Well, Mr. Lynch, we've certainly

 1    covered a lot of information here this morning, and I do

 2    want to make a moment -- take a moment to be sure that

 3    you understood it all so you don't come back next week or

 4    next month or next year and say that you didn't

 5    understand something or that somebody forced or pressured

 6    you to plead guilty.  Have you been able to understand

 7    everything we've talked about?

 8              MR. LYNCH:  Yes, we have.

 9              THE COURT:  Do you have any questions about it?

10              MR. LYNCH:  No, I don't.

11              THE COURT:  Has anybody forced or pressured you

12    to plead guilty?

13              MR. LYNCH:  No.

14              THE COURT:  Is your decision to plead guilty a

15    voluntary decision?

16              MR. LYNCH:  Yes.

17              THE COURT:  Then formally and for the record,

18    how does Lynch Family Companies, Inc., plead to Count 1

19    of the information which charges it with the crime of

20    failing to comply with an order of the Secretary of

21    Agriculture?  Guilty or not guilty?

22              MR. LYNCH:  Guilty.

23              THE COURT:  Did you say guilty?

24              MR. LYNCH:  Yes, I --

25              THE COURT:  Very good.  The record will reflect

Contact Shelly Semmler at 712-233-3840 or ssemmlerreporting@gmail.com
to purchase a complete copy of the transcript.
Case 6:22-cr-02043-CJW-MAR   Document 45   Filed 09/23/22   Page 30 of 32

```
 1   that the defendant has pleaded guilty to Count 1 of the
 2   information.
 3       I find that the defendant is competent as is
 4   Mr. Lynch, that the corporation fully understands charges
 5   against it, that there's a factual basis for the plea,
 6   that the corporation knows the maximum punishments that
 7   could be imposed on the charge, the corporation has
 8   waived its jury rights that it fully understands.
 9       I further find that the defendant's decision to
10   plead guilty was voluntary, knowing, and not the result
11   of any force, pressure, threats, or promises other than
12   the promises made by the government in the plea
13   agreement.
14       Therefore, I conclude the defendant should be found
15   guilty based on its plea of guilty.
16       I will sign and file a report and recommendation
17   recommending that the district court judge accept the
18   defendant's guilty plea.  The parties will have 14 days
19   from the filing of my report to file objections to it.
20   If no objection is made, then the district court judge
21   may accept my recommendation and the defendant's guilty
22   plea by simply entering a written order doing so.
23       I hereby order a presentence investigation, and the
24   court will schedule a sentencing hearing in this case for
25   a later date.
```

```
1        Mr. Lynch, do you have any questions about anything
2   we've discussed here today?
3              MR. LYNCH:  No, I don't.
4              THE COURT:  Is there anything further on behalf
5   of the United States?
6              MR. VAVRICEK:  No, Your Honor.
7              THE COURT:  Mr. Deegan or Mr. Krickbaum,
8   anything further on behalf of Lynch Family Companies,
9   Inc.?
10             MR. DEEGAN:  No, Your Honor.  Thank you.
11             THE COURT:  Thank you all.  That will conclude
12  our hearing.
13                  (The foregoing plea was
14                  concluded at 11:32 a.m.)
15                              *  *  *  *
16    (This concludes the transcript of the audio recording.)
17
18
19
20                          CERTIFICATE
21        I certify that the foregoing is a correct
22  transcript to the best of my ability from the digital
23  recording of proceedings in the above-entitled matter.
24      S/Shelly Semmler                    9-4-22
        Shelly Semmler, RDR, CRR             Date
25
```